UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NATHANIEL L. ADDERLY, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-12-1546
:
C.O. STOFKO, et al., : (Judge Kosik)
:
    Defendants :

**MEMORANDUM**

Plaintiff, Nathaniel L. Adderly, an inmate confined at the State Correctional Institution at Retreat, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds in forma pauperis in this matter. The matter proceeds on a complaint that names fifteen (15) Defendants, fourteen of whom are former or current employees at the Luzerne County Correctional Facility ("LCCF"), Pennsylvania. The complaint is 544 paragraphs in length, and with exhibits, numbers 85 pages. The pleading includes numerous allegations and spans the time period from August of 2011, when Plaintiff entered LCCF, through August of 2012. Presently pending are Defendants' motion to dismiss the complaint (Doc. 33), and Plaintiff's motion to file a supplement to the complaint (Doc. 40.). For the reasons that follow, the motion to dismiss will be granted, but Plaintiff will be afforded an opportunity to submit an amended complaint in this action. Plaintiff's motion to file a supplemental complaint will be denied as moot.

**I.    Background**

Plaintiff's complaint sets forth a host of allegations including, but not limited to, challenges to his placement, continued confinement and conditions in Protective Custody ("PC"), being made to

wear a "caution yellow uniform" which he claims is stigmatizing, the physical and mental deterioration he is suffering, numerous incidents of retaliation, the issuance of numerous false misconducts, incidents of excessive force, the denial of due process, conspiracy, and deprivation of personal and legal property. He seeks declaratory, injunctive, compensatory, and punitive relief.

Defendants have filed a motion to dismiss the complaint, wherein they contend that the complaint should be stricken pursuant to Fed. R. Civ. P. 8(a) and (d)(1), and that any allegations related to Plaintiff's placement in protective custody fails to allege conduct violating the Constitution. (Doc. 35 at 3.) Also pending is Plaintiff's motion seeking leave to supplement his complaint to include additional defendants and allegations covering the time period from March 12, 2012 through October of 2014. The new claims include additional incidents of excessive force, retaliation, false misconduct reports and conditions of confinement claims. (Doc. 40.)

## II. Discussion

### A. Motion to dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ." A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-

50 (2009).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

*Failure of Complaint to comply with Federal Rules*

In seeking to strike the complaint, Defendants maintain that the pleading, as submitted, violates Fed. R. Civ. P. 8(a) and (d)(1). Specifically, Fed. R. Civ. P. 8(a)(2) requires that a claim for relief contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(d)(1) requires that each allegation be simple, concise and direct. Defendants argue that Plaintiff's submission is a running narrative far from a brief, concise and direct pleading of the allegations and, at many points, filled with irrelevant information and general conclusions. In fact, Plaintiff asserts a conspiracy, apparently in an effort to tie together all of the allegations he sets forth,

but fails to offer any facts supporting the existence of a conspiracy.[1]

Defendant's arguments are well-taken. The complaint does fail to satisfy the requirements of Rule 8 and, as such, will be dismissed, but with leave for Plaintiff to submit an amended complaint in this matter. Instead of setting forth related allegations and defendants, Plaintiff sets forth over a year's worth of claims regarding incidents and defendants that he attempts to intertwine through a general assertion of conspiracy. Plaintiff appears to rely on his claim of the existence of a conspiracy among the Defendants to harm him due to his complaints about his classification placement and the other abuses taking place.

In carefully reviewing the complaint, the court must agree that as it stands, the complaint is not in compliance with the Federal Rules of Civil Procedure. First, the complaint clearly violates the spirit of Rule 8, as it is anything but short, simple, concise and direct. Second, while Plaintiff loosely weaves general allegations of the existence of a retaliatory conspiracy intermittently through the complaint, he does not offer any facts supporting the elements of a conspiracy. Without such allegations, the complaint is in direct violation of Fed. R. Civ. P. 20.

In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. <u>D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.</u>, 972 F.2d 1364, 1377 (3d Cir. 1992); <u>Rose v. Bartle</u>, 871 F.2d 331, 366 (3d Cir. 1989). The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights, (2) the time and place of the conduct, and (3) the identity of the officials responsible for the conduct. <u>Oatess v. Sobolevitch</u>, 914 F.2d 428, 432 (3d Cir. 1990); <u>see also</u>, <u>Colburn v. Upper Darby Twp.</u>, 838 F.2d 663 (3d Cir. 1988).

---

[1] While Defendants do not reference a violation of Fed. R. Civ. P. 20 specifically, it appears that this is an argument they are also making in challenging the complaint as filed. However, the court does not agree with Defendants' statement that Plaintiff fails to reference each of the named defendants in his complaint.

The essence of a conspiracy is an agreement or concerted action between individuals. See D.R. by L.R., 972 F.2d at 1377. A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. See id.; Rose, 871 F.2d at 366. Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. In the instant case, Plaintiff relies on such bald, conclusory allegations to tie all of his claims together.

For all of these reasons, Defendants' motions to dismiss the standing complaint for non-compliance with the Federal Rules of Civil Procedure is well-taken. However, the court is mindful of the facts that Plaintiff is proceeding pro se in this matter, and that the court must afford him an opportunity to correct any deficiencies by the filing of an amended complaint, where doing so would not be futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 111 (3d Cir. 2002).

To limit any prejudice resulting to either party, the following parameters will be imposed.[2] The "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The amended complaint shall carry the same civil case number referenced above (3:CV-12-1546).

*Failure to state a claim with respect to custody classification*

Defendants also move to dismiss any challenge by Plaintiff to the fact that he was placed in

---

[2] The court is cognizant of the fact that this matter has been pending for some time, and that Defendants have devoted effort to the preparation of their motion to dismiss. However, in fairness, Plaintiff must be provided the opportunity to amend his complaint to comply with the Federal Rules of Civil Procedure.

Protective Custody. Their argument is well-taken. To the extent the complaint sets forth a claim against Defendants based on his custody classification in PC upon his arrival at LCCF, it is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification. Moody v. Daggett, 429 U.S. 78, 88 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976). Thus, inmates do not have a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed ... and is not otherwise violative of the Constitution." Id. There is no liberty interest created directly by the Fourteenth Amendment that prevents an inmate from being subjected to AC status. See Sandin v. Conner, 515 U.S. 472, 484 (1995)("Conner asserts, incorrectly, that any state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause even in the absence of any state regulation"); Stephany v. Wagner, 835 F.2d 497, 499 (3d Cir. 1987)("the Due Process Clause does not give a prisoner a liberty interest in remaining in the general prison population"). Moreover, in this context, the Supreme Court has concluded that state-created liberty interests could arise only when a prison's action imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483.

At issue in Sandin was whether the plaintiff's 30 day detention in disciplinary custody impacted any protected liberty interest under the Fourteenth Amendment. The Court concluded that the prisoner did not have a protected liberty interest in remaining free of disciplinary detention or segregation because his 30 day detention, although punitive, "did not exceed similar, but totally discretionary confinement in either duration or degree of restriction." Id. at 486. In finding that the prisoner's 30 day confinement in disciplinary custody did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest, the Sandin Court considered

1) the amount of time the prisoner was placed into disciplinary segregation and 2) whether the conditions of his confinement in disciplinary segregation were significantly more restrictive than those imposed upon other inmates in solitary confinement. Id.

Following Sandin, the Third Circuit decided Shoats v. Horn, 213 F.3d 140 (3d Cir. 2000). In Shoats, a prisoner had been placed in AC and was maintained there in virtual isolation for eight years. The Court noted that such a long-term placement clearly gave rise to procedural due process protections under the analysis mandated by Sandin; however, relying upon Hewitt v. Helms, 459 U.S 460 (1983), the Third Circuit held that informal, periodic review of a prisoner's administrative custody status satisfies the minimum constitutional standards for due process. Shoats, 213 F.3d at 147.

As such, to succeed on his claim, Plaintiff must allege that his status in PC subjected him to atypical and significant hardship. The Third Circuit made clear in Griffin v. Vaughn, 112 F.23d 703, 706 & n. 2 (3d Cir. 1997), which remains intact following Shoats, that a prisoner placed in the conditions of AC for a period of 15 months does not implicate a liberty interest.

In Plaintiff's complaint, he does not allege that his classification had any effect on the length of his overall criminal sentence. However, he does allude to other conditions of his confinement which may amount to an atypical and significant hardship if properly pled. As such, in filing his amended complaint, he will be provided with the opportunity to set forth facts with respect to any such claim of atypical and significant hardship.

**B.     Plaintiff's Motion to File a Supplement to the Complaint**

In light of the fact that Plaintiff's pending complaint will be dismissed with leave to file an amended complaint, Plaintiff's pending motion to file a supplement to the original complaint will be denied as moot. An appropriate order follows.