UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NATHANIEL L. ADDERLY,              :
                                    :
      Plaintiff                     :
                                    :
  v.                               : CIVIL NO. 3:CV-12-1546
                                    :
C.O. STOFKO, et al.,               : (Judge Kosik)
                                    :
      Defendants                    :

**MEMORANDUM**

    Plaintiff, Nathaniel L. Adderly, filed this civil rights action pursuant to 42 U.S.C. § 1983.  On February 3, 2015, the court addressed a motion to dismiss filed by all fifteen (15) Defendants, fourteen of whom are former or current employees at the Luzerne County Correctional Facility ("LCCF"), Pennsylvania.  (Docs. 41, 42.)  The motion to dismiss was granted, but Plaintiff was afforded the opportunity to submit an amended complaint in this action.  Instead of filing an amended pleading, Plaintiff filed a motion seeking reconsideration of the court's decision.  (Doc. 43.)  For the reasons that follow, the motion will be denied, and Plaintiff will be provided one final opportunity to file an amended complaint.

**I.    Background**

    The complaint filed by Plaintiff is 544 paragraphs in length, and with exhibits,

1

numbers 85 pages. The pleading includes numerous allegations and spans the time period from August of 2011, when Plaintiff entered LCCF, through August of 2012. Plaintiff's complaint sets forth a host of allegations including, but not limited to, challenges to his placement, continued confinement and conditions in Protective Custody ("PC"), being made to wear a "caution yellow uniform" which he claims is stigmatizing, the physical and mental deterioration he is suffering, numerous incidents of retaliation, the issuance of numerous false misconducts, incidents of excessive force, the denial of due process, conspiracy, and deprivation of personal and legal property. He seeks declaratory, injunctive, compensatory, and punitive relief.

Defendants filed a motion to dismiss the complaint contending that the pleading should be stricken pursuant to Fed. R. Civ. P. 8(a) and (d)(1), and that any allegations related to Plaintiff's placement in protective custody fails to allege conduct violating the Constitution. (Doc. 35 at 3.) In considering Defendants' motion, the court first found that the complaint failed to comply with Fed. R. Civ. P. 8(a) and (d)(1). Specifically, Fed. R. Civ. P. 8(a)(2) requires that a claim for relief contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(d)(1) requires that each allegation be simple, concise and direct. The court agreed with Defendants that Plaintiff's submission is a running narrative far from a brief, concise and direct pleading of the allegations and, at many

2

points, filled with irrelevant information and general conclusions. Moreover, Plaintiff asserted a conspiracy in an effort to tie together all of the allegations set forth, but failed to offer any facts supporting the existence of a conspiracy. As such, without these necessary facts, a violation of Fed. R. Civ. P. 20 was also apparent from the face of the complaint.

The complaint clearly violated the spirit of Rule 8, in that it was anything but short, simple, concise and direct. Second, while Plaintiff loosely weaves general allegations of the existence of a retaliatory conspiracy intermittently through the complaint, he does not offer any facts supporting the elements of a conspiracy. Without such allegations, the complaint is in direct violation of Fed. R. Civ. P. 20.

While agreeing with Defendants that the complaint, as submitted, failed to satisfy the above-referenced Federal Rules of Civil Procedure, the court found that leave should be granted to allow Plaintiff the opportunity to submit a proper amended complaint. In the court's Memorandum, Plaintiff was provided with the parameters for submitting his amended complaint.

Defendants also moved to dismiss any challenge by Plaintiff to the fact that he was placed in Protective Custody. While their argument was well-taken, the court also afforded Plaintiff the opportunity to amend this claim in an effort to state a viable claim. With respect to Plaintiff's challenge to his custody classification in PC upon his arrival at LCCF, the court found that it is well established that the United States

Constitution does not confer any right upon an inmate to any particular custody or security classification.  Moody v. Daggett, 429 U.S. 78, 88 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976).  Thus, inmates do not have a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed ... and is not otherwise violative of the Constitution."  Id.  There is also no liberty interest created directly by the Fourteenth Amendment that prevents an inmate from being subjected to AC status.  See Sandin v. Conner, 515 U.S. 472, 484 (1995).  Moreover, in this context, the Supreme Court has concluded that state-created liberty interests could arise only when a prison's action imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 483.

To succeed on his claim, Plaintiff must allege that his status in PC subjected him to atypical and significant hardship.  The Third Circuit made clear in Griffin v. Vaughn, 112 F.23d 703, 706 & n. 2 (3d Cir. 1997), which remains intact following Shoats, that a prisoner placed in the conditions of AC for a period of 15 months does not implicate a liberty interest.

In Plaintiff's complaint, he did not allege that his classification had any effect on the length of his overall criminal sentence.  However, he did allude to other conditions of his confinement which may amount to an atypical and significant

4

hardship if properly pled.  As such, the court found that in filing his amended complaint, Plaintiff would be provided with the opportunity to set forth facts with respect to any such claim of atypical and significant hardship.

Instead of submitting an amended complaint, Plaintiff filed a motion for reconsideration arguing that his complaint complies with the Federal Rules of Civil Procedure.  He contends that his complaint consists of two parts, the short, concise and direct pleadings, and then a longer, more detailed discussion of the facts of his claims.  He argues that it is better for the court to have more information to enable it to make an informed decision with respect to his claims.  He further argues that the documents he submits, when read together with the exhibits, clearly demonstrate retaliation/conspiracy.  In support of his claim, he pieces together various statements in his complaint and then references different portions of exhibits as examples.

**II.    Standard of review**

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Kabacinski v. Bostrom Seating, Inc., 98 F. App'x 78, 81 (3d Cir. 2004)(quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  Because "federal courts have a strong interest in the finality of judgments," United States v. Hoey, No. 09-200, 2011 WL 748152, at *2 (W.D. Pa. Feb. 15, 2011)(citation omitted), the standard that must be met to prevail on a motion for reconsideration is high, see Berry v. Jacobs IMC, LLC, 99 F. App'x 405, 410 (3d

Cir. 2004).

The court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. United States v. Banks, Crim. No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008)(citing Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court, see Hoey, 2011 WL 748152, at *2 (citation omitted), or for addressing arguments that a party should have raised earlier, see United States v. Dupree, 617 F.3d 724, 732-33 (3d Cir. 2010)(quotations omitted). Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. Hoey, 2011 WL 748152, at *2. The mere dissatisfaction with the court's ruling is not a proper basis for reconsideration. Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F.Supp.2d 485, 487 (E.D. Pa. 1999).

### III. Discussion

In his motion for reconsideration, Plaintiff mistakenly believes that the court dismissed his complaint because he was overly inclusive with respect to the facts he alleges. He misinterprets the underlying basis of the court's Memorandum of

6

February 3, 2015. The complaint was dismissed, with leave to amend, because Plaintiff set forth 544 rambling paragraphs which was 85 pages in length, including exhibits. His assertions contained many irrelevant details and spanned incidents occurring over the period of one year. A rambling submission such as Plaintiff's made it very difficult for Defendants to determine what claims Plaintiff desired to assert. As such, the impertinent and unnecessary material made framing an Answer unnecessarily complicated. See Drysdale v. Woerth, Civ. No. 98-3090, 1998 WL 966020 at *2 (E.D. Pa. Nov. 18, 1998).

Moreover, because many of the incidents occurred at different times and involved completely different defendants, Plaintiff's conclusory statements suggesting a "retaliatory conspiracy" without more, were clearly insufficient to set forth entitlement to relief on said basis, as well as overcome an apparent Rule 20 violation. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). For these reasons, the court dismissed the complaint and granted Plaintiff permission to cure these deficiencies. Accordingly, the pending motion for reconsideration will be denied. An appropriate order follows.