UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

NATHANIEL L. ADDERLY,

   Plaintiff,

  v.

C.O. STOFKO, et al.,

   Defendants.

Civil Action No. 3:12-CV-1546

(Judge Kosik)

## MEMORANDUM

Before the court for disposition is the Plaintiff's motion to alter or amend judgment and/or reopen the case. For the following reasons, the motion will be denied.

### I. BACKGROUND

Plaintiff, Nathaniel L. Adderly, filed a civil rights complaint, *pro se*, on August 9, 2012 (Doc. 1). On April 14, 2014, Defendants filed a motion to dismiss (Doc. 33) and brief in support (Doc. 35). Plaintiff subsequently filed a brief in opposition to Defendants' motion (Doc. 37). On February 3, 2015, this Court, by Memorandum and Order (Docs. 41 and 42), granted Defendants' motion to dismiss the complaint and directed Plaintiff to file an amended complaint within twenty (20) days from the date of the order. Plaintiff then filed a motion for reconsideration (Doc. 43) of the February 3, 2015 Order (Doc. 42). By order dated August 11, 2015 (Doc. 46), this Court denied Plaintiff's motion for reconsideration, and again directed Plaintiff to file an amended complaint in strict accordance with this Court's Memorandum dated February 3, 2015, warning Plaintiff that his failure to do so would result in the dismissal of this action. On September 8, 2015, Plaintiff appealed this Court's order denying his motion for reconsideration (Docs. 47 and 48). On April 5, 2016, the United States Court of Appeals for the Third Circuit summarily affirmed this Court's judgment entered on August 11, 2015 (Doc. 50).

## II. DISCUSSION

Plaintiff now moves to Alter or Amend the Judgment (Doc. 51) and/or to Reopen the Case.

**A. Motion to Alter or Amend Judgment**

The scope of a motion under Rule 59(e) "is extremely limited." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Plaintiff fails to satisfy the above exacting standards. In fact, Plaintiff does not even

argue an intervening change in controlling law, the availability of new evidence, or need to correct a clear error of law or prevent a manifest injustice. In fact, Plaintiff does not allege any errors committed by this Court. Rather, Plaintiff simply argues his desire to either seek "further appellate review or amend the complaint." (Doc. 52). The Court notes, as set forth above, that his appeal of this Court's Order (Doc. 46) was affirmed by the Third Circuit Court of Appeals (Doc. 50). Furthermore, Plaintiff does not advance any argument in his motion (Doc. 52) that reconsideration is needed to correct a clear error of law or prevent a manifest injustice. Accordingly, Plaintiff's motion to alter or amend the judgment will be denied.

**B. Motion to Reopen**

Alternatively, petitioner moves to reopen the case. We will treat this motion as one filed pursuant to Fed.R.Civ.P. 60(b). Under Fed.R.Civ.P. 60(b), "the court may relieve a party...from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence...; (3) fraud...misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Similar to our analysis in Section A, *supra*, Plaintiff's claims do not fit, nor does he argue, any of the first five avenues for relief under 60(b). He does not claim a mistake, surprise or neglect, no new evidence, no fraud or issues with the judgment. Again, Plaintiff does not advance any alleged errors to this Court's Order. Thus, we will examine his motion under the catchall provision, Rule 60(b)(6). It is noted that this provision is a "grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses," and granted "only if extraordinary circumstances are present." Government Financial Services One Ltd. Partnership v. Peyton Place, Inc., 62 F.3d 767, 773-74 (5th Cir. 1995) (citations and internal quotations omitted); Gates v. Lavan, Civ. No. 02-

2262, 2010 WL 3168357, at *2 (M.D. Pa. Aug. 10, 2010).

     Based upon this standard, Plaintiffs motion to reopen will be denied.  He has not asserted any type of extraordinary circumstance which would justify reopening under Rule 60(b).  An appropriate order follows.